UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-86-FDW
(3:09-cr-52-FDW-7)

| | |
|---|---|
| ASDRUBAL RODRIGUEZ CORREA, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the reasons stated herein, the Section 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On September 29, 2009, Petitioner was convicted after a jury trial of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); possession of a firearm by an individual with a prior domestic violence conviction, in violation of 18 U.S.C. § 922(g)(9) (Count Three); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Four). See (Crim. No. 3:09-cr-52-FWD, Doc. No. 187 at 1: Judgment). Petitioner was sentenced to 180 months imprisonment on Count One; 60 months on Count Four, to run consecutively to Count One; and 120 months on Counts Five and Six, to run concurrently with each other and with Count One. (Id., Doc. No. 187 at 2).

On May 23, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction

1

and sentence. United States v. Correa, 431 Fed. App'x 241 (4th Cir. 2011). Petitioner placed the Section 2255 petition in the prison mailing system on February 5, 2013, and it was stamp-filed in this Court on February 11, 2013. In the Section 2255 petition, Petitioner asserts that his defense counsel was ineffective for failing to argue that the firearm in question was not tested for Petitioner's fingerprints. See (Doc. No. 1-2 at 1-2).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law, and without a response from the Government. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if

2

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, on May 23, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Correa, 431 Fed. App'x 241 (4th Cir. 2011). The Fourth Circuit issued its mandate on June 14, 2011. Petitioner's conviction, therefore, became final ninety days later on September 12, 2011, when the time for filing a petition for writ of certiorari with the Supreme Court expired. See Clay v. United States, 537 U.S. 522 (2003); see also Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). The one-year limitations period then ran for 365 days and expired on September 12, 2012. Petitioner placed the Section 2255 petition in the prison mailing system on February 5, 2013, and it was stamp-filed in this Court on February 11, 2013. Therefore, the Section 2255 petition was filed about five months out of time.

In Section 18 of the petition regarding timeliness, Petitioner states: "I have submitted a motion for permission to file this 2255 Motion at this time because of my medical condition which prevented me from filing on time."[1] Plaintiff filed a motion for leave in his underlying

---

[1] Petitioner does not contend that he filed the Section 2255 petition within one year of when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States was removed, when a right was newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, or the petitioner discovered facts supporting the claim that could not have been discovered earlier with due diligence. See 28 U.S.C. §§ 2255(f)(2), (f)(3), and (f)(4). Because none of the latter situations apply in this case, the one-year limitations period began on the date Petitioner's judgment of

3

criminal case to file his Section 2255 petition out of time on September 24, 2012. (Crim. No. 3:09-cr-52-FDW-7, Doc. No. 227: Motion for Leave). In support of the motion for leave to file the petition out of time, Petitioner argues that the Court should apply equitable tolling in this matter because Petitioner underwent surgery in 2011. More specifically, Petitioner explains that, while incarcerated at Talladega Correctional Institution ("Talladega") in Talladega, Alabama, Petitioner developed a serious infection in August 2011. (Id., Doc. No. 227 at 2). He was placed on confinement, with the exception of going to meals and the medication line. On August 15, 2011, Petitioner was noticed to have a foul-smelling, purulent discharge at the umbilicus. (Id. at 3). Surgery had to be immediately performed, and doctors removed a cyst from Petitioner's abdomen. (Id.). Petitioner remained on antibiotics for two days and returned to Talladega prison on August 18, 2011. (Id.). As noted, the one-year limitations period did not expire until September 12, 2012. Petitioner contends in the motion for leave to file the petition out of time that since the surgery he has not been able to do any legal work or research because of his medical condition and the subsequent surgery and recuperation time involved. (Id.).

The Fourth Circuit has explained that equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

---

conviction became final.

The Court finds that equitable tolling is not appropriate in this case. Although Petitioner underwent surgery on his abdomen, the surgery took place in August 2011. The one-year limitations period did not run until more than a year later in September 2012. Petitioner had ample time to recover from the surgery and to file the Section 2255 petition before the limitations period expired. Petitioner has submitted nothing to show that he was physically incapable of filing his Section 2255 during the entire time period from August 2011 until September 2012. Petitioner has submitted medical records related to the August 2011 surgery, but he submitted no documentation showing that he was incapacitated for the entire year after the surgery. The medical records show only that Petitioner underwent surgery on August 16, 2011, and that he was released from the hospital and returned to the prison two days later on August 18, 2011. The medical notation for August 18, 2011, states, "Dr. Black states that the patient is eating and doing well. His wound is clean. Cultures were negative. He will be discharged today and will need wet to dry dressing changes. Since the wound is clean Dr. Black has recommended no further antibiotic at this time." (Crim. No. 3:09-cr-52-FDW-7, Doc. No. 227 at 16). Petitioner himself admitted in his motion for leave that the surgery was "successful," and he has provided no evidence showing that he suffered complications or continued incapacity throughout the entire year following the surgery. See (Id. at 3). The Court finds that Petitioner has not met his burden of proving the existence of extraordinary circumstances that precluded him from filing the Section 2255 petition on time. In sum, the petition will be dismissed as untimely.

IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's Section 2255 motion is untimely, and

the petition will therefore be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 20, 2013

Frank D. Whitney
United States District Judge

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary in this case. In his motion for leave to file the petition out of time, Petitioner addressed the statute of limitations issue and argued that equitable tolling should apply. Petitioner's explanation indicates that he clearly understood the timeliness issue.