In the United States District Court
For the Western District of North Carolina
(At Charlotte)

United States of America

Plaintiff,

v

Asdrubal Correa,

Defendant.

Case Number:

3:09-cr-00052-FDW-7

FILED
CHARLOTTE, NC

NOV 20 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

---

Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the C.A.R.E.S. Act of 2020; and the Appointment of Assistance of Counsel

---

Comes Now, Asdrubal Correa, defendant Pro se, Hereinafter Mr. Correa, Asking this Honorable Court to GRANT him Release to Home Confinement under the C.A.R.E.S. Act of 2020, and Pursuant to the changes made to

Title 18 U.S.C. § 3582(c)(1)(A)(i) announced in the First Step Act (FSA) of 2018. Mr. Correa asks that this Honorable Court would Appoint him Counsel in this Matter as he is a layman at the practice of Law, and requires a translator to understand the English language.

## JURISDICTION

This Honorable Court has Jurisdiction under Title 18 U.S.C. § 3582(c)(1)(A) - As Modified in Section 603 of the First Step Act (FSA) of 2018, as 30 days has elapsed since Mr. Correa submitted his request for Early release to Warden Hudson. This Honorable Court now has Jurisdiction to GRANT Mr. Correa Early Release

2

based upon the plain language of § 3582(c)(1)(A). See Request attached. Such Release is Authorized under the C.A.R.E.S Act of 2020 as Announced by Attorney General William Barr (P.L. 116-136).

### STANDARD OF REVIEW

Mr. Correa prays that this Honorable Court will construe this pleading liberally, and to be in the Right Form and Posture to GRANT the Relief he is Asking, rather than apply the strict standards applied to licensed attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

### STATEMENT OF THE CASE

Mr. Correa was sentenced to a total of 248 months

On June 7, 2010 after a trial in which he was found Guilty of Conspiracy to Possess with Intent to Deliver Marijuana; Using or Carrying a firearm in furtherance of a Drug trafficking Crime; and two Counts of Possession of a firearm. He received a sentence of 188 months for the Possession with Intent to Deliver Marijuana charge, 120 months concurrent sentencing on the two Possession of a firearm by a prohibitted person charges, and a 60 month consecutive sentence on the Use or carrying of a firearm in furtherance of a drug trafficking crime charge. This Request for Early Release due to the Health Risks posed by the COVID-19 pandemic at the U.S. Penitentiary at Leavenworth follows.

## THE C.A.R.E.S ACT OF 2020 AND COVID-19

On March 26, 2020, Attorney General William Barr issued a Memorandum to BOP Director Michael Carvajal directing him to "prioritize the use of [BOP's] various statutory authorities to GRANT Home Confinement to inmates seeking transfer in connection with the ongoing COVID-19 pandemic." The memorandum requires that when making a decision as to whether to place a prisoner on home confinement, the totality of the circumstances would be considered. Also, statutory requirements for home Confinement, and discretionary factors were to be considered as well.

<u>MR. CORREA SATISFIES
THE CRITERIA FOR EARLY RELEASE</u>

Based Upon the totality of the circumstances Mr. Correa should be Released from imprisonment

due to the effects of the COVID-19 pandemic that is currently ravaging the BOP and the U.S. Penitentiary at Leavenworth. See https://www.bop.gov.coronavirus/ where over 400 inmates have tested positive for the COVID-19 virus for September - October 2020.

First, Mr. Correa has completed over half of his sentence. He is convicted of a drug trafficking crime regarding the delivery of Marijuana, and not a violent act directed at a person or property. His convictions for possession of a firearm are also non-violent offenses.

Mr. Correa has contracted the COVID-19 virus due to the BOP's inability to protect him from contracting the virus from its staff. This fact alone evidences the serious and unreasonable risk of damage to Mr. Correa's

health which constitutes a danger to him under <u>Helling v. McKinney</u>, 509 U.S. 25, 33 (1993) which should be avoided when possible. The CDC and U.S. District Courts have already stated that the Danger presented for Reinfection of the Coronavirus can be worse than the initial infection. See, <u>United States v. Plank</u> No. 17-20002GSWL 2020 WL 3618858, at *3 (D. Kansas July, 2, 2020). <u>Myocarditis</u> is a condition that inflames the Heart muscle and which persists long after initially contracting the COVID-19 virus, and which is not treatable at the U.S. Penitentiary at Leavenworth; and, which may worsen with further exposure to the Virus. See CDC website regarding effects of COVID-19 virus.

Mr. Correa's Release plan would allow him to be safe

from contracting the COVID-19 virus, and allow him to receive medical treatment for any complications that may arise from his previous contraction of the of the virus. Additionally, Mr. Correa's release from BOP custody would relieve the BOP of the burden of his health care and maintenance while reducing the population of the BOP during this pandemic, as a stated objective of the C.A.R.E.S Act of March 2020.

## SUMMARY

Mr. Correa is now 31 years of Age and is not a danger to the public. ALL of the BOP measures taken to protect him from the deadly COVID-19 virus have failed, and reinfection

of the virus presents a serious health risk to Mr. Correa. The totality of the circumstances favors Mr. Correa's Early release from imprisonment due to the Extraordinary Risks presented to his health from Contracting the COVID-19 virus, as its effects are evidenced to be long lasting - and deadly.

## CONCLUSION

WHEREFORE, Mr. Asdrubal Correa Asks this Honorable Court to GRANT him Early Release Authorized under the COMPASSIONATE RELEASE provisions of 18 U.S.C. § 3582(c)(1)(A), AND THE C.A.R.E.S ACT of 2020; AND THE APPOINTMENT OF ASSISTANCE OF COUNSEL for Assisting him in Rightly pursuing his Claim(s) before

this Honorable Court.

Respectfully Submitted,

___Correa___
Asdrubal Correa

REQUEST FOR COMPASSIONATE RELEASE UNDER AMENDED CHANGES
BY CONGRESS TO 18 U.S.C. § 3582(c)(1)(A)

TO: WARDEN D. HUDSON (USP LEAVENWORTH                    Date: 10-8-20

FROM: Asdrubal Correa
Reg. No. 23333-058
A-1    UNIT

---

As provided by 28 C.F.R. § 571.61, I hereby initiate my request for Compassionate Release and/or Reduction in Sentence under the Newly Amended Changes by Congress to 18 U.S.C. § 3582(c)(1)(A). My request is based on the Extraordinary and Compelling Circumstances, where COVID-19 poses an unreasonable risk of serious damage to my health that may also cause my death in prison. Since my Sentencing Court [was not] aware at the time of sentencing, that such vicious Pandemic could cause serious damage to my health or my death in prison, I hereby file this request in Good Faith so that my Sentencing Court may make a proper determination on whether I meet the Extraordinary and Compelling Circumstances criteria of 18 U.S.C. § 3582(c)(1)(A).

As this Honorable Warden may be aware, through the FIRST STEP ACT OF 2018, Congress changed the process for compassionate release based on criticism of BOP's inadequate use of its authority, thereby returning to the federal judiciary the authority to act on its own to reduce sentences for "extraordinary and compelling reasons."

Section 603 of the FIRST STEP ACT changed the process by which § 3582(c)(1)(A) compassionate release occurs: instead of depending upon the BOP Director to determine an extraordinary circumstance and then move for release, a court can now resentence "upon motion of the defendant," "if the defendant has fully exhausted all administrative remedies," or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Once the defendant who has properly exhausted his remedies and files a motion, a court may, [after] considering the 18 U.S.C. § 3553(a) factors, resentence a defendant, if the court finds that extraordinary and compelling reasons warrant a reduction. Congress made these changes in

an effort to EXPAND the use of compassionate release sentence reductions under § 3582(c)(1)(A). Congress labeled these changes, "INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE."

Therefore, since no VACCINE exists, that will not compromise my health, I [cannot] be Protected by the BOP as required under the Eighth Amendment. The United States Supreme Court has held that unsafe conditions that "pose an unreasonable risk of serious damage to a [prisoner's] FUTURE HEALTH" may violate the EIGHTH AMENDMENT even if the damage has not yet occurred and may not affect every prisoner exposed to the conditions. See, HELLING v. McKINNEY, 509 U.S. 25, 33, 113 S. Ct. 2475 (1993).

As this Honorable Warden may understand, according to CDC, compassionate release people at high-risk for severe illness from COVID-19 that qualify include, but are not limited to: People 65 years and older: People with chronic lung disease; moderate to severe asthma, [COPD], and emphysema; People with serious heart conditions; People with immunocompromised condition including cancer treatment, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteriods and other immune weakening medications; People who are severely obese (body mass index [BMI] of 40 or higher); People with diabetes; People with chronic kidney disease and who are undergoing dialysis; People with liver disease; neurologic disorder, neurodevelopmental, hypertension or intellectual disability; former smoking status; or other chronic disease. However, people without any illnesses are also at risk of suffering serious damage to their health.

And as long as the BOP refuses to TEST all inmates in this institution, and all Prison Staff on a daily base, my life is in danger of contracting this vicious deadly virus. As a prisoner I cannot force other inmates to social distance; wash their hands; wash or wear their rag masks properly; and/or force them to report COVID-19 symptoms (if any, since many people are asymptomatic). And the poor circulation of air, where parts of the buildings do not have vents and/or filters to clean the air, pose a higher risk of me contracting the virus. Therefore, I request that this request for Compassionate Release / Reduction in Sentence under the Newly Changes by Congress be Granted, so that I may be PROTECTED from a possible death.

Upon being release, I would be living with: *My Sister*, at: *at 1022 church st, Monroe NC 28112*.

Moreover, I will have health insurance and a place to work at. Therefore, I will be able to Protect myself from this vicious deadly virus with my Love One(s).

Hence, your assistance in providing me a Formal Response in this important matter will be greatly appreciated. Thank You and God Bless you.

Respectfully submitted,

*Asdrubal Correa*
Name
Reg. No. *23333-058*