UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CR-00052-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ASDRUBAL RODRIGUEZ CORREA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Motion for Compassionate Release (Doc. No.

242). Defendant submitted this motion pro se and the Government opposes the motion. This matter

has been fully briefed, (Doc. Nos. 245, 249, 251), and is ripe for ruling. Having carefully

considered the motion and the record, the undersigned will DENY the motion.

## I.     BACKGROUND

On September 9, 2009, Defendant was found guilty on four counts: conspiracy to possess with

intent to distribute marijuana in violation of 21 U.S.C. § § 841(a)(1) and 846 ("Count One");

carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. §

924(c) ("Count Four"); possession of a firearm by an individual with a domestic violence

conviction in violation of 18 U.S.C. § 922(g)(9) ("Count Five"); and unlawful possession of a

firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) ("Count Six"). Defendant was

responsible for the trafficking of 690 kilograms of marijuana and twenty-four kilograms of

cocaine. (Doc. No. 161, p. 6). According to his codefendants, Defendant was commonly seen in

possession of both a .357 caliber handgun and an AK-47 assault rifle while guarding the drugs. Id

at 5. On June 7, 2010, this Court sentenced Defendant to 248 months imprisonment: 188 months

for Counts One, Five, and Six with an additional mandatory consecutive sixty months for Count

1

4. (Doc. No. 187, p. 2). On October 28, 2010, ICE lodged an immigration detainer against Defendant. Defendant is scheduled to be deported upon his release from the BOP. (Doc. No. 245, p.11).

Defendant had been previously convicted in 2003 of inflicting corporal injury on a spouse and of assault with a weapon likely to produce great bodily injury. (Doc. No. 161, p. 8). In 2004, Defendant was convicted of alien inadmissibility in immigration court in Arizona and was deported. At the time of this conviction, Defendant admitted to having been previously deported. Id at 8-9.

While incarcerated, Defendant committed five disciplinary infractions between May of 2012 and July of 2020. These infractions include fighting with another person on July 8, 2020 and use of drugs/alcohol on February 19, 2018. (Doc. No. 245-1).

On December 28, 2015, this Court reduced Defendant's sentence from 248 months to 211 months after he filed a motion for reduction pursuant to 18 U.S.C. § 3582(c)(2). The Court reduced his offense level by two levels from a total offense level of thirty-four to a total offense level of thirty-two.

In November of 2020, Defendant filed a pro se motion for compassionate release seeking a reduction in sentence to time served. (Doc. No. 242). Defendant filed an addendum to this motion in November of 2021. (Doc. No. 251). Defendant is scheduled for release on October 1, 2023. (Doc. No. 245, p.3).

## II.     STANDARD OF REVIEW

Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of their sentence from the court for "extraordinary and compelling reasons" if the defendant has "fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023). First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction.'" Id. (quoting § 3582(c)(1)(A)(i); citing United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021)). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A); citing Kibble, 992 F.3d at 331. Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "promote respect for the law", "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Here, Defendant has exhausted his administrative remedies; thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release in light of the applicable § 3553(a) factors.

### III.   ANALYSIS

**A. Extraordinary or compelling reasons**

Defendant asserts that he should be granted compassionate release on the grounds of (1) the Covid-19 pandemic, (2) changes in policy, and (3) changes in law surrounding marijuana. The Court will consider these reasons in turn.

First, Defendant argues in his original motion that release is warranted due to the Covid-19 pandemic and the risk of contracting the virus in prison. Defendant has already contracted Covid-19 once during his sentence and was completely asymptomatic without any health complications. (Doc. No. 245-2). Additionally, Defendant has not pointed to any preexisting health issues that might raise his risk of serious complications should he be reinfected. Defendant argues that the fact that he contracted the virus while in custody of the BOP alone constitutes a sufficient reason to grant release. The mere existence of Covid-19 and a previous asymptomatic infection do not constitute extraordinary and compelling grounds to grant relief See United States v. Logan, 2020

WL 3960999, at *2, (W.D.N.C. July 13, 2020) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason . . . when he has already contracted—and beaten—the virus."). In his request for compassionate release to the BOP, Defendant noted that no vaccine exists to protect him from infection. (Doc. No, 242, p. 12). Defendant's current vaccination status is not in the record, but vaccines are now readily available should Defendant wish to reduce his risk of serious complications from Covid-19.

In his addendum to the original motion, Defendant argues the conditions at the Leavenworth prison where he is incarcerated have been particularly unsafe, with the warden of the prison being dismissed for poor handling of the Covid-19 pandemic. (Doc. No. 251, p. 3). This dismissal of the warden however suggests the prison has taken steps to better promote the safety of inmates in light of issues surrounding Covid-19. Further, there is nothing exceptionally dangerous about the conditions at Leavenworth according to BOP statistics.[2] This Court therefore finds Defendant has failed to show extraordinary and compelling reasons for release because of the Covid-19 pandemic.

Second, Defendant points to changes in policy surrounding prosecution for marijuana offenses as an extraordinary and compelling reason to consider compassionate release. Defendant argues the current Attorney General has embraced a policy of not prioritizing the prosecution of marijuana crimes while allowing for the release of inmates incarcerated on drug charges. However, Defendant has failed to point to any change in law that would retroactively apply to his case and would provide grounds for a release. The charges under Count One remain valid federal law. Further, while current policy may deemphasize the prosecution of marijuana offenses, this does

---

[2] See Bureau of Prisons, BOP Covid-19 Statistics (2023), https://www.bop.gov/coronavirus/covid19_statistics.html.

not change federal law surrounding marijuana. See United States v. Canori, 737 F.3d 181, 185 (2d Cir. 2013) ("That the [DOJ] has chosen to prioritize certain types of prosecutions unequivocally does not mean that some types of marijuana use are now legal under [federal law].") This Court therefore does not find Defendant's arguments regarding the current DOJ policy establish extraordinary or compelling reasons to consider a sentence reduction.

Third, Defendant argues North Carolina has decriminalized marijuana at the state level. Defendant however was charged under federal law, and alleged state decriminalization would not affect the validity of Defendant's sentence. See United States v. Haymon, No. 20-4438, 2021 WL 4495813, at *1 (4th Cir. Oct. 1, 2021) ("The fact that a state decriminalized possession of marijuana does not provide a defense to a charged violation of federal drug laws.") (citation omitted). Even if North Carolina law controlled in this case, Defendant's conduct would still be a felony. See N.C. Gen. Stat. § 90-95(h)(1) ("Any person who sells, manufactures, delivers, transports, or possesses in excess of 10 pounds . . . of marijuana shall be guilty of a felony . . . ."). Defendant was responsible for 690 kilograms (or 1,521 pounds) of marijuana along with twenty-four kilograms of cocaine. (Doc. No. 161). Thus, this argument also fails to establish extraordinary or compelling reasons to consider a sentence reduction.

## B. § 3553(a) Factors

Defendant argues the applicable § 3553(a) factors support a granting of compassionate release while the Government argues that these factors weigh against reducing Defendant's sentence. First turning to Defendant's history and characteristics, Defendant's conduct while incarcerated counsels against a granting of compassionate release. Courts can consider a defendant's post-sentencing conduct in order to gain "the most up-to-date picture" of "the history and characteristics of the defendant." Pepper v. United States, 562 U.S. 476, 491 (2011). Here, Defendant has received

6

numerous serious disciplinary infractions, including an infraction for fighting in 2020 and an infraction for drug/alcohol use in 2018. (Doc. No. 245-1). Given the instant offense of drug trafficking and Defendant's history of domestic violence, the Court finds these two infractions particularly troubling. Most of Defendant's infractions have occurred in 2018 or later, indicating a worsening trend in behavior. A history of repeated disciplinary infractions over the past decade that has continued in recent years suggests that Defendant is not yet ready to respect the law should he be released.

In arguing for compassionate release, Defendant notes that will be deported following his release from custody, protecting the public from further criminal action on his part. Defendant has been deported twice before yet has reentered the United States each time. (Doc. No. 161, p. 8-9). Thus, the Court cannot assume that another deportation will ensure that the public will be safeguarded from further crime should Defendant be released and deported. This is particularly true here, where Defendant's disciplinary conduct in recent years suggests a lack of sufficient rehabilitation.

Defendant additionally points to the significant amount of his sentence that he has served and argues that this will promote respect for the law and further the goal of deterrence. While it is true that Defendant has served a considerable length of time for his actions and that this will act as some deterrence to others, it is not enough to weigh in favor of compassionate release on this record. Reducing Defendant's sentence to time served on this record will not adequately promote respect for the law where Defendant has repeatedly engaged in serious disciplinary misconduct. This repeated misconduct by Defendant evinces a lack of respect for the law on his part. Serving a significant portion of his sentence does not outweigh this absent any other compelling reasons.

The Court finds that the balance of § 3553(a) factors weigh against a reduction in sentencing in this case.

## IV.    CONCLUSION

In addressing changes created by Congress as a result of the First Step Act, the Supreme Court has reiterated the wide discretion afforded to district judges in sentencing and in considering motions for sentence modification. "Put simply, the First Step Act does not *require* a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief. . . . All that is required is for a district court to demonstrate that it has considered the arguments before it." <u>Concepcion v. United States</u>, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2404–05 (2022) (emphasis added). As summarized by the Middle District of North Carolina:

> The compassionate release statute is appropriately invoked only in unusual cases or, as the Fourth Circuit put in in <u>McCoy</u>, the "most grievous cases." 981 F.3d at 286. It should not become a vehicle for wholesale and repeated reconsideration of sentences in    violation of the general rule of finality. <u>See</u> [<u>United States v. Goodwyn</u>, 596 F.3d 233,    235 (4th Cir. 2010)].

<u>Crumitie</u>, No. 1:06-CR-271, 2022 WL 1809312, at \*5; <u>see also</u> <u>Concepcion</u>, 142 S. Ct. at 2406 ("The finality of criminal judgments is essential to the operation of the criminal justice system." (Kavanaugh, J. dissenting)).

Defendant was found guilty of the instant offenses involving drug-trafficking and the unlawful possession of a firearm. He has failed to show any extraordinary or compelling reasons warranting a sentence reduction to time served. While Defendant has served a considerable portion of his sentence and is due for release in October, Defendant has repeatedly engaged in disciplinary misconduct and has failed to show that he possesses a respect for the law. The balance of § 3553(a)

factors weigh against granting compassionate release on this record. Under the current record, the sentence as imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing as set forth in § 3553(a).

**IT IS, THEREFORE, ORDERED** that the Motion for Compassionate Release, (Doc. No. 242), is DENIED.

**IT IS SO ORDERED.**

Signed: July 31, 2023

Frank D. Whitney
United States District Judge